UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA

| | |
|---|---|
| DOWNEY FIREMEN'S ASSOCIATION, LOCAL 3473, a non-profit organization, on behalf of itself and its current and former members, STEVEN DAVIS, an individual, DANIEL RASMUSSEN, an individual, THOMAS DANIERI, an individual, JAY IBEY, an individual, SCOTT DEVEREUX, an individual, DAN HURLOCK, an individual, TED MATSUMOTO, an individual, FRANK CULHNO, an individual, RYAN SCHLEIGER, an individual, KEVIN KIM, an individual, IVAN ORLOFF, an individual, DAVID BLADES, an individual, JEFF SIMMONS, an individual, and JOSE GARCIA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF DOWNEY, a municipal corporation, LONNIE CROOM, an individual, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. **SACV14-CV-01213-CJC-DFMx**<br><br>**PROTECTIVE ORDER**<br><br>[Filed Concurrently with Stipulated Protective Order]<br><br>Complaint Filed: July 31, 2014<br>Trial Date: June 14, 2016 |

/ / /

/ / /

005869.00021
13639158.1

[~~PROPOSED~~] PROTECTIVE ORDER

Plaintiff, Downey Firemen's Association ("Plaintiff") has asked Defendant, the City of Downey ("City") to produce documents relating to the compensation of Defendant Lonnie Croom ("Croom") from January 2010 to the present. The City objected to this request on the ground that the request was overbroad, sought irrelevant information and sought confidential information which was protected by the right to privacy of Croom. On December 15, 2015, this Court ordered that these documents be produced pursuant to a stipulated protective order entered into by the parties. This Protective Order is being entered into in compliance with the Court's December 15, 2015 Order that the production of such documents will be governed by a Protective Order safeguarding the confidentiality of the documents and information produced, and ensuring that it will be used within and for the purposes of this proceeding only.

On this basis, the Court enters the following Protective Order pursuant to the stipulation of the Parties:

1. The documents and information provided by the City regarding the compensation of Croom shall be subject to this Protective Order and shall be deemed "Confidential."

2. The City may redact any information that is private and irrelevant as contemplated by the Court's Minute Order, such as social security numbers.

3. Upon receipt by Plaintiff's attorney, the documents and information produced pursuant to this Protective Order shall be placed in a file or files bearing the words "Confidential."

4. The "Confidential" material produced pursuant to this Protective Order shall not be shown or disclosed, directly or indirectly, to any persons or entities other than (a) Plaintiffs, (b) Plaintiffs' attorney, their associated attorneys, paralegals, clerks or secretarial employees engaged in this litigation; and (c) Plaintiffs' intended lay and expert witnesses for the purpose of preparing his

testimony either in deposition or at trial, provided that any such witnesses acknowledge and agree to be bound by this Protective Order.

5. The parties may make photocopies of documents subject to this Protective Order for internal use and for use as part of filings with the Court and during depositions.

6. If, at any time during the pendency of this action, counsel for any party wishes to exclude certain information from the provisions of this Protective Order, the party may proceed by motion before the Court.

7. If Plaintiffs' attorney desires to communicate confidential material produced pursuant to this Protective Order in any fashion to any persons other than those referred to in paragraph 3 above, he shall inform the City's and Croom's counsel in writing of the identity of the persons to whom he wishes to communicate the information and what information he desires to disclose. The City's and Croom's counsel will then have seven (7) days to assert and object to such disclosure or communication. If counsel objects within the seven-day period to disclosure to the identified person, no such disclosure may be made without an order by the Court authorizing the same.

8. Documents or information therein designated confidential pursuant to this Protective Order shall be offered as evidence at the trial under an appropriate order protecting its confidentiality, unless the confidentiality of such information has been removed by the Court or by agreement of counsel in accordance with the provisions of this Protective Order.

9. Nothing in this Order shall prevent counsel for the parties from referencing in support of oral or written legal arguments, documents or deposition testimony designated as "Confidential" pursuant to this Protective Order, provided that such references do not contain quoted material from such confidential materials and, if such confidential materials are submitted to the Court, such submission is

1  made in accordance and compliance with the other provisions contained in this
2  Protective Order.

3      10.    Nothing in this Protective Order shall prevent any party from using any
4  confidential information, regardless of how designated, in connection with other
5  discovery proceedings in this matter, such as depositions, document requests,
6  requests for admission or interrogatories, provided that the proceedings in which
7  such confidential information is used shall themselves be treated as "Confidential"
8  under the terms of this Protective Order.

9      11.    By entering into this Protective Order, no party waives any right to seek
10  the exclusion of any evidence at trial or any other dispositive purpose.

11      12.    Any acquiescence by the other party in a designation of information as
12  "Confidential" shall not operate as a waiver of any party's right to subsequently
13  dispute the appropriateness of such designation.

14      13.    The terms of this Protective Order shall apply to all manner and means
15  of discovery, including the inspection of books, records, documents, including
16  electronic data, and physical objects relevant to the actions filed by the parties.

17      14.    Within thirty (30) days of the final termination of this proceeding, each
18  receiving party shall either destroy or return to each producing party all materials
19  which have been designated by the producing party as "Confidential" pursuant to
20  this Protective Order and shall destroy all copies, digests, or summaries which have
21  been made of, or prepared from, such documents, and upon request shall provide the
22  other party with a certificate attesting to such destruction.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1  15. This Protective Order may be modified by further order of the Court or
2  by agreement of counsel for the parties, subject to the approval of the Court,
3  provided that any such agreement is memorialized in the form of a stipulation that
4  shall be filed with the Court and made a part of the record in this case.  The parties
5  reserve the right to apply to the Court for an order modifying this Protective Order
6  or seeking further protection.

7  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

9  Dated:   December 30, 2015

    _____
    Honorable Douglas F. McCormick
    United States Magistrate Judge