ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Irma Rodríguez Moisa    State Bar No. 162272
    IMoisa@aalrr.com
Barbara S. Van Ligten    State Bar No. 132217
    BVanligten@aalrr.com
Jay G. Trinnaman    State Bar No. 218661
    JTrinnaman@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

Attorneys for Defendant City of Downey

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA

| | |
|---|---|
| DOWNEY FIREMEN'S ASSOCIATION, LOCAL 3473, an organization, STEVEN DAVIS, an individual, DANIEL RASMUSSEN, an individual, THOMAS DANIERI, an individual, JAY IBEY, an individual, SCOTT DEVEREUX, an individual, DAN HURLOCK, an individual, TED MATSUMOTO, an individual, FRANK CULHNO, an individual, RYAN SCHLEIGER, an individual, KEVIN KIM, an individual, IVAN ORLOFF, an individual, DAVID BLADES, an individual, JEFF SIMMONS, an individual, and JOSE GARCIA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF DOWNEY, a municipal corporation, LONNIE CROOM, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. SACV14-cv-1213-CJC (DFMx)<br><br>**PROTECTIVE ORDER RE: PRODUCTION OF RECORDS BY CHIEF MARK GILLASPIE PURSUANT TO SUBPOENA**<br><br>Judge: Hon. Douglas F. McCormick<br><br>Complaint Filed: July 31, 2014<br>Trial Date: January 17, 2017 |

005869.00021
14263504.1

[PROPOSED] PROTECTIVE ORDER RE: PRODUCTION OF RECORDS
BY CHIEF MARK GILLASPIE PURSUANT TO SUBPOENA

# I.
# INTRODUCTION

Plaintiffs Steven Davis, Daniel Rasmussen, Thomas Danieri, Jay Ibey, Scott Devereux, Dan Hurlock, Ted Matsumoto, Frank Culhno, Ryan Schleiger, Kevin Kim, Ivan Orloff, David Blades, Jeff Simmons, Jose Garcia, and Downey Firemen's Association (collectively, "Plaintiffs") and Defendants City of Downey ("City") and Lonnie Croom ("Croom") (collectively, "Defendants"), by and through undersigned counsel, hereby submit this proposed Protective Order regarding documents that will be produced by Chief Mark Gillaspie ("GILLASPIE") in response to Requests Nos. 20, 32, 33, 49, 57, 58, 59 and 72 of the Subpoenas served on GILLASPIE.

# II.
# PROTECTIVE ORDER

Plaintiffs served Subpoenas on GILLASPIE on March 31, 2016 and April 7, 8 and 11, 2016. On April 14 and 19, 2016, the City, on behalf of Mr. Gillaspie, served objections to the Subpoenas. On May 3, 2016, the parties participated in a meet and confer session with Magistrate McCormick regarding the Subpoenas served on Chief Mark Gillaspie. During the meet and confer session, Magistrate McCormick suggested, and the parties agreed, that documents produced that were responsive to Requests Nos. 20, 32, 33, 49, 57, 58, 59 and 72 of the Subpoenas served on GILLASPIE, would be produced pursuant to a protective order. This Order relates to the documents produced by GILLASPIE in response to Requests Nos. 20, 32, 33, 49, 57, 58, 59 and 72 of the Subpoenas served on GILLASPIE.

On this basis, the Court enters the following Protective Order pursuant to the stipulation of the Parties:

///
///
///
///

1. The documents provided by GILLASPIE in response to Requests Nos. 20, 32, 33, 49, 57, 58, 59 and 72 of the Subpoenas served on GILLASPIE shall be deemed "Confidential" and constitute "Protected Material" under this Protective Order.

2. Within seven (7) days of the execution and entry of this Order by the Magistrate, GILLASPIE shall produce the documents responsive to Requests Nos. 20, 32, 33, 49, 57, 58, 59 and 72 which shall contain the designation "Confidential – Produced Pursuant to Protective Order." The material marked "Confidential – Produced Pursuant to Protective Order" under the Protective Order is referred to as the "Protected Material."

3. The inadvertent failure by GILLASPIE or the City to designate material as Protected Material shall not waive any such designation provided that the City notifies all receiving parties in a reasonably prompt manner after learning of the inadvertent failure to designate any material the City believes is protected under this Order. The City shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the receiving parties. Upon receiving the Protected Material with the correct confidentiality designation, the receiving parties shall destroy all Protected Material that was not designated properly.

4. A party shall not be in breach of this Protective Order for any use of Protected Material before the receiving party receives the Protected Material with the correct confidentiality designation. Once a receiving party has received the Protected Material with the correct confidentiality designation, the receiving party shall treat such material as Protected Material pursuant to the terms of this Order.

5. Upon receipt of any Protected Material under the Protective Order, the documents produced pursuant to this Protective Order shall be placed in a file or files bearing the words "Confidential."

///

- 3 -
[PROPOSED] PROTECTIVE ORDER RE: PRODUCTION OF RECORDS BY CHIEF MARK GILLASPIE PURSUANT TO SUBPOENA

6. The "Confidential" Protected Material produced pursuant to this Protective Order shall not be shown or disclosed, directly or indirectly, to any person other than (a) Plaintiffs and Defendants, (d) Plaintiffs' and Defendants' attorney, their associated attorneys, paralegals, clerks, or secretarial employees engaged in this litigation; (c) Plaintiffs' and Defendants' expert witnesses for the purpose of preparing his/her testimony in deposition or at trial, provided that any such witnesses acknowledge and agree to be bound by this Protective Order, by signing a copy of the "Agreement to Be Bound by Protective Order," attached hereto as Exhibit A; (d) The Court and any Court staff and administrative personnel; (e) Court reporters and their staff; (f) Professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order;" and (g) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions. The parties sharing the Protected Materials must maintain copies of all signed "Agreements to Be Bound by Protective Order."

7. The parties may make photocopies of the Protected Material for internal use and for use as part of filings with the Court and during depositions.

8. The protections conferred by this Protective Order cover not only the Protected Material, but also (1) any information copied or extracted from the Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the parties or their counsel that might reveal Protected Material.

9. If Protected Material is discussed in a proceeding such as a deposition, hearing, or trial, a party may identify the Protected Material on the record as designated under this Order. When it is impractical during the proceeding to identify each portion of the material that is entitled to protection, and when it appears that substantial portions qualify for protection, a party may invoke on the record a right to have up to 30 days after receiving the transcript to designate the

1 transcript (or portions of the transcript) as Protected Material. The party must 2 designate the individual portions of the transcript that are Protected Material. If 3 only certain pages (or portions of pages) qualify for protection, the party must take 4 care not to over-designate any material. A transcript (or portions of a transcript) 5 may be designated as Protected Material by providing written notice to all parties 6 and to the person who prepared the transcript within 30 days of the date the 7 transcript was sent to the party by the person who prepared the transcript. The 8 person who prepared the transcript must affix the legend "Confidential – Subject to 9 a Protective Order" to all subsequent copies of the transcript (or portions thereof) to 10 indicate the confidential designation. All parties who received a copy of the 11 transcript before the confidentiality designation must affix the legend "Confidential 12 – Subject to a Protective Order" to their copies to indicate the designation.

13    10.    Protected Material under the Protective Order shall be offered as 14 evidence at the trial under an appropriate order protecting its confidentiality, unless 15 the confidentiality of such information has been removed by the Court or by 16 agreement of counsel in accordance with the provisions of this Protective Order.

17    11.    Nothing in this Order shall prevent counsel for the parties from 18 referencing Protected Material in support of oral or written legal arguments, 19 provided that such references do not contain quoted material from such Protected 20 Material, and if Protected Material is submitted to the Court, such submission is 21 made in accordance with the provisions of this Protective Order.

22    12.    A party receiving Protected Material may use Protected Material only 23 for prosecuting, defending, or attempting to settle this litigation. Such Protected 24 Material may be disclosed only to the categories of persons and under the conditions 25 described in this Order. When this litigation has been terminated, a party receiving 26 Protected Material must comply with the provisions herein regarding returning 27 Protected Material.

28 / / /

13. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this litigation as "Confidential – Subject to a Protective Order" that party must: (a) promptly notify the City in writing. Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the City to safeguard the Protected Material.

14. If the City timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this litigation as "Confidential – Produced Pursuant to a Protective Order" before a determination by the court from which the subpoena or order issued, unless the party has obtained the City's permission. The party objecting to the production of such documents has the obligation to serve this Protective Order on the party served with the subpoena or court order demanding production of the documents.

15. If a party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the party who disclosed such material must immediately (a) notify the City in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

16. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

17. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Protected Material.

18. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

19. Nothing in this Order bars the right of any party to seek the exclusion of any evidence at trial or any other dispositive purpose.

20. This Order may be modified by agreement of the parties, subject to approval by the Court.

21. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

22. By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

23. A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a party's request to file Protected Material under seal is denied by the Court, then the receiving party may file the information in the public record unless otherwise instructed by the Court.

24. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the parties agree

otherwise in writing or a court order otherwise directs. Within 60 days of final disposition of this litigation, each party must return all Protected Material to the City or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the receiving party must submit a written certification to the City by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth herein. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Dated: September 16, 2016    BROWN WHITE & OSBORN LLP

By: /s/*Karineh Tarbinian*
    Thomas M. Brown
    Caleb E. Mason
    Karineh Tarbinian
    Attorneys for Plaintiffs
    Downey Firemen's Association, et al.

- 8 -
[PROPOSED] PROTECTIVE ORDER RE: PRODUCTION OF RECORDS
BY CHIEF MARK GILLASPIE PURSUANT TO SUBPOENA

Dated: ~~August 2, 2016~~ September 15, 2016

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: *Barbara S. Van Ligten* (signature)
Irma Rodríguez Moisa
Barbara S. Van Ligten
Jay G. Trinnaman
Attorneys for Defendant City of Downey

Dated: September 14, 2016

McCUNE & HARBER LLP

By: (signature)
Dana J. McCune
Dominic Quiller
Attorneys for Defendant
Lonnie Croom

[PROPOSED] PROTECTIVE ORDER RE: PRODUCTION OF RECORDS BY CHIEF MARK GILLASPIE PURSUANT TO SUBPOENA

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: September 19, 2016   By: _____
Honorable Douglas F. McCormick
Magistrate Judge
United States District Court

Atkinson, Andelson, Loya, Ruud & Romo
A Professional Corporation
Attorneys at Law
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

005869.00021
14263504.1

- 10 -
[PROPOSED] PROTECTIVE ORDER RE: PRODUCTION OF RECORDS
BY CHIEF MARK GILLASPIE PURSUANT TO SUBPOENA

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury under the laws of the United States of America, that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on [date] _____ in the case of *Downey Firemen's Association, et al. v. City of Downey, et al.*, No. 14-cv-01213-CJC-DFM. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Dated: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

[PROPOSED] PROTECTIVE ORDER RE: PRODUCTION OF RECORDS BY CHIEF MARK GILLASPIE PURSUANT TO SUBPOENA